# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENNETH WASHINGTON,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No. 18-CV-670-JPS<br><br><br>**ORDER** |

On November 20, 2018, the Court remanded this case to the Commissioner of Social Security pursuant to the parties' stipulation. (Docket #15, #16, #17). On December 19, 2018, Plaintiff filed a motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (Docket #18), which was followed by a stipulation of non-objection to the petition for fees under the EAJA, (Docket #24), which the Court adopted, (Docket #25).

On June 6, 2020, Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), which allows a successful claimant who was represented by counsel to receive "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." (Docket #26). Plaintiff sought a fee of $13,201.87. (*Id.*; Docket #27 at 1). The Government did not oppose this motion. (Docket #28).

On September 2, 2021, Plaintiff filed an amended motion for attorney's fees, this time seeking $8,030.00, which accounted for 25 percent of Plaintiff's total past-due benefits, (a total of $13,201.87), and 25 percent of

those benefits awarded his daughter (a total of $1,186.25) *minus* $6,358.12, which was sought administratively by way of a petition to the Administrative Law Judge (the "ALJ"). (Docket #29, #30 at 2). The Government sought an extension of time to file a response and noted that it had made Plaintiff aware of a problem with the amended motion—specifically, there was no substantiation that Plaintiff's daughter had been awarded past-due benefits. (Docket #32). On October 2, 2021, Plaintiff filed a second amended motion for attorney's fees, again seeking $8030.00 broken down as 25 percent of Plaintiff's total past-due benefits, (a total of $13,201.87) *minus* $5,171.87, which it sought from the ALJ. (Docket #34 at 2). The Government noted that this amended petition contained a different amount of fees sought from the ALJ, and, upon contacting Plaintiff's counsel, was informed that counsel had yet to petition for administrative funds but would seek $5,171.87. (Docket #35 at 1–2).

Relying on Plaintiff's counsel's representations, the Commissioner did not oppose the award of $8030.00. Having considered the parties' briefing on the issue and in light of the non-opposition, the Court will grant the most recent motion, and deny the earlier motions as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) (Docket #33) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's earlier motions for attorney's fees (Docket #26, #29) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the Commissioner shall pay $8030.00 from the withheld funds to Plaintiff's counsel, Dana W. Duncan.

Upon receipt of the money, Attorney Dana W. Duncan must refund the $4,100.30 that was awarded under the EAJA directly to Plaintiff.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge